BENJAMIN MARSHMAN and wife vs. ABEL M. CONKLIN and others.

1. The rule of evidence, that husbands and wives cannot be witnesses for, or against each other, is independent of the question of *interest*. A husband cannot be a witness for his wife, even in a question touching only her *separate* estate.

2. Where the answer fully denies the equity of the bill, and is supported by the testimony, the injunction will be dissolved.

This cause came on for hearing, upon a motion to dissolve the injunction, upon the bill, answer, and proofs. The case was argued before J. Wilson, esq., one of the masters of the court, who was called by the Chancellor to advise with him upon the hearing of the same.

*Mr. I. W. Scudder*, for defendants, in support of the motion.

I. No definite trust is set out in the bill, or established by testimony.

The attempt in the bill, is to charge Abel M. Conklin with a trust, and a violation of the trust.

Marshman and wife, not by deed, but by release, dated 9th March, 1863, released their interest—one undivided half—to Abel M. Conklin. The release is unconditional.

*No trust is set out in the bill.* What was the trust?

Marshman's mortgage, bearing date December 1st, 1858, was under proceeding to foreclose. Marshman did not pay. His bond was outstanding. He released his, and his wife's half-interest in the bond to Conklin, and Conklin mortgaged to Cooper for $4000.

Were Marshman and wife to have half-interest in the land? That could not be; because they released to Conklin their half-interest, with a knowledge that Conklin was to mortgage to Cooper.

Were Marshman and his wife to have an interest in the equity of redemption, after the payment of the $4000 mort-

gage? If so, what interest? What estate? The bill no where discloses.

Was Conklin to pay off the $4000 mortgage to Cooper, and re-convey to Mrs. Marshman half of the property? That would be throwing away $4000.

Was Conklin to pay off Marshman's bond and mortgage for $3157.94, with accumulated interest, and then hold the property for the benefit of Mrs. Marshman? That would be absurd. There was to have been "a deed or declaration of trust, for the interest in said land."

Take all that is said about the trust in the bill to be true, equity could not administer the trust, because it is not definite.

If the court were asked to decree that this trust should be carried into effect, what would the court decree?

In the part of the bill setting out the pretences, it is stated, "that the interest so conveyed was at once to be re-conveyed to your oratrix, Rachel L. Marshman." The previous interest was the ownership of one-half of the lands, subject to Marshman's bond and mortgage. If Marshman's bond and mortgage were discharged and Conklin's given in lieu of it, the case is changed. Was Conklin to re-convey, and Mrs. Marshman to covenant to pay half of Conklin's bond and mortgage? If so, such trust is no where set forth. If so, could Mrs. Marshman so covenant?

Marshman's testimony leaves the whole matter in doubt. He says at one time, she was to have one half of the property, subject to the mortgage to Cooper; at another time, one half of the proceeds of the sale. *Hill on Trustees* 59, 60, 61.

II. To make a trust in lands valid, it must be evidenced by some instrument in writing. *Nix. Dig.* 330, § 11.

All declarations, or creations, of trusts or confidences of any lands, tenements, or hereditaments, *shall be manifested and proved by some writing signed by the party*, who is, or shall be, by law, enabled to declare such trust, or by his, or her last will in writing, *or else they shall be utterly void, and*

*of no effect. Randall* v. *Morgan*, 12 *Vesey* 74; *Hill on Trustees* 56; *Brown* v. *Lunt*, 37 *Maine* 434; *Servis* v. *Nelson*, 1 *McCarter* 100.

A grantee cannot set up for his own protection, under an absolute deed, the existence of a parol trust. *Statute of Frauds, Nix. Dig.* 330, § 11; *Hutchinson* v. *Tindall*, 2 *Green's Ch. R.* 357.

This last case carefully established the doctrine, that there can be no trust, unless it be evidenced in writing, where the deed is absolute. *Hill on Trustees* 60, 61.

III. There can be no resulting trust in this case.

The complainant, Marshman, swears that the deed which was drafted, Conklin refused to sign; that Conklin said "he would have a paper drawn up himself." Conklin was to "give a satisfactory paper to show our interest in the property."

The testimony of Marshman proceeds on the idea of an express trust. Such express trust was never executed. *There can then be no implied trust.*

The express trust cannot be shown by parol, because of the statute of frauds. This land was not conveyed by Marshman and wife to Conklin. Conklin owned the undivided half of the property, and the equity of redemption in the other half was owned by Mrs. Marshman. Marshman and wife only released her undivided half, when Marshman was unable to pay the mortgage. 2 *Story's Equity Jur.*, § 1195; *Cook* v. *Fountain*, 3 *Swanston* 585; *Leman* v. *Whitley*, 4 *Russell* 423; *Squier* v. *Harder*, 1 *Paige* 494; *Hill on Trustees* 106, and following.

This was not a voluntary conveyance by Marshman and wife to Conklin. The property was about to be sold. Marshman's bond and mortgage were outstanding. The sheriff had adjourned the sale. Marshman could not raise the money. Marshman and wife release what they could not retain, and then they have their bond and mortgage both cancelled. Conklin could have waited till the property was sold by the sheriff, and bid in.

The testimony of Abel M. Conklin and John Webber, is conclusive in the denial of the whole equity of the bill.

The testimony of Benjamin Marshman, jun., is not to be relied on. There is testimony as to his derangement. He was not a competent witness.

If sworn at all, he should have been sworn within twenty days after issue joined. *Bird* v. *Davis*, 1 *McCarter* 477.

IV. They are not entitled to an injunction, because they were to have one-half interest in the sale of the property, when Conklin should sell it. This is shown by the answer to question 14: "He would give me a document or paper to show we were half interested in the sale of property, when he should sell."

He should file a bill to account.

*Mr. A. O. Zabriskie,* for complainants, contra, submitted the case without argument, upon depositions.

THE MASTER. In the year 1855, as stated in the bill, Marshman and wife purchased a tract of land of about fourteen acres, situate in Acquackanonk township, Passaic county, and in the same year conveyed one undivided half to Morris J. Earle. Of the remaining half, Mrs. Marshman subsequently became the sole owner, but at what time, the bill does not state.

In 1858, Marshman and wife mortgaged their half to Conklin, who assigned the mortgage to William Mackey, who subsequently foreclosed; and under the decree of this court, and an execution issued thereon, the sheriff advertised this undivided half for sale, in order to raise and pay the amount due on the mortgage.

In this state of things, an effort was made to raise money to pay the amount due, and an application was made to George Cooper for a loan of $4000, for that purpose, to be secured by a mortgage upon the whole tract, to be given by Marshman and wife, and Conklin. But Cooper objecting to take his security in that way, and preferring to have a mortgage from a person having title to the whole property, it

was at length agreed that Marshman and wife should release their share and interest in one half to Conklin, and that he should then execute the mortgage to Cooper. The release was accordingly executed to Conklin, who gave the mortgage to Cooper, and received the $4000, with which he paid off the amount called for by the decree and execution. Conklin afterwards laid out the land in lots, and sold a portion of them at public auction on November 7th, 1863. Some of the purchasers subsequently re-conveyed to him, the lots they had so bought. Afterwards Conklin was about to make another sale, on June 21st, 1865, but just before that day, the complainants filed their bill, and obtained this injunction restraining the sale.

The bill charges that the release and conveyance by Marshman and wife, of her undivided half of the property to Conklin, was made in order to obtain the loan from Cooper, and to enable Conklin to execute a mortgage to him upon the whole property, as Cooper wished to have his security in that way. That Marshman and wife made said release and conveyance to Conklin for that purpose only, and without any consideration received from him, and upon his promise and assurance to them, that he would make and execute to Mrs. Marshman a deed or writing, in the nature of a declaration of trust, so as to make her secure for her interest in the property. That Conklin never did execute such deed or writing, and on being applied to for that purpose, refused to execute it, and now claims to be the absolute owner of the whole tract to his own use, and to be entitled to all the proceeds of the lots already sold, or which may be sold hereafter.

The prayer of the bill is, that he may be decreed to reconvey to Mrs. Marshman, one half of the property remaining unsold to *bona fide* purchasers, (subject, however, to such liens as it is just she should bear,) and may be compelled to account to the complainants for their interest in the proceeds of the auction sales, and that, in the meantime, he may be enjoined from making further sales.

The answer of Conklin denies some of the most material allegations of the bill. It denies that the release and conveyance by Marshman and wife to him, was without consideration. It states that the complainant's undivided half was not worth, and would not have brought, the amount due on the bond and mortgage, to satisfy which it was about to be sold by the sheriff. That the consideration for which the complainants released and conveyed their undivided half to him, was the agreement on his part to take up and cancel that bond and mortgage, and thus relieve Marshman from his liability on the bond, which if not satisfied by the sale, would still stand against him for the balance unpaid. That he, Conklin, performed his agreement, assisted in getting the loan from Cooper, and with the money so obtained, paid off the claim, and took up and cancelled the bond and mortgage. And they have been made exhibits in the cause, and are produced to show that he has done so.

The answer further denies, directly and fully, the allegations of the bill, that Conklin promised or assured the complainants, that he would execute a deed or writing to Mrs. Marshman, in the nature of a declaration of trust, for the undivided half so conveyed to him, and says that the conveyance by them to him was unconditional and absolute, and upon the consideration before stated, which, as he insists, he has fully performed. Both parties have taken depositions, which have been read upon this argument, and the statements of the answer in regard to what was the consideration of the release and conveyance to Conklin by Marshman and wife, are supported by the testimony of Hay S. Mackay, who drew the release and conveyance, under instructions from Marshman.

It is not alleged that Conklin gave any promise, in writing, to re-convey, or to execute a deed or declaration of trust to Mrs. Marshman. His parol declarations are relied on to sustain the complainant's case in this respect. And for this purpose, the deposition of Mr. Marshman, one of the complainants, is offered. The defendants object to it on this

ground, (among others,) that he cannot be a witness in favor of his wife, who is a party in the cause.

It is a well established rule of evidence, that husbands and wives cannot be witnesses for, or against each other. And this is so, independently of the question of *interest*. It rests on other grounds. And a husband cannot be a witness for his wife, even in a question touching only her separate estate. *Davis* v. *Dinwoody*, 4 *Term R.* 679; *Wyndham* v. *Chetwynd*, 1 *Burrow* 424; *Stewart* v. *Stewart*, 7 *Johns. Ch. R.* 229; *Trenton.Banking Co.* v. *Woodruff*, 1 *Green's Ch. R.* 117.

Our statute of March 18th, 1859, (*Nix. Dig.* 928,) does not alter this rule. *Bird* v. *Davis*, 1 *McCarter* 477. The deposition of Marshman is, therefore, inadmissible.

The equity of the bill is, I think, fully met and denied by the answer, which is supported by the testimony taken, and the defendant is entitled to the full benefit of the denial. I see nothing in the case, which should induce the court to continue the injunction till the hearing.

I do, therefore, respectfully recommend to the Chancellor, to order that the injunction be dissolved with costs.